Opinion of the court * by ROBINSON, J.

DALY, Ch. J., dissents.

Judgment reversed.

Reported in full in 43 How. Pr. 333.

---

### ANDREW W. GREEN v. THE N. Y. CENTRAL R. R. Co.
(*Decided in July*, 1872.)

A railroad company is not liable for a passenger's baggage lost by a connecting steamboat line, even though the company has given a check for the baggage to the terminus of the steamboat line, unless the company have some interest in or control over the carriage of passengers by such boat line.

In order to sustain an action against a railroad company for the loss of plaintiff's baggage upon a steamboat forming part of a connecting line, the plaintiff must show some community of interest in, or some control over, the carriage of passengers by such boat line.

Proof that the railroad company checked the baggage to the terminus of the boat line, although there be evidence that they did so for their own convenience, without proof that the passenger paid them for his passage by the boat, is not sufficient.

The statute (Laws of 1847, ch. 270, § 9) regulating the liability of a railroad company receiving freight to be transported by it to a point on a connecting road, cannot be extended so as to cover the case where the connecting route is a steamboat line.

*It seems*, that a railroad company has not implied power to bind itself by a contract for the delivery of passengers or baggage at a point beyond its route, by means of a connecting line of steamboats.

An admission by the superintendant of a railroad company, on the presentation of a claim for lost baggage, that the claim is a good one, is not competent evidence against the company in an action to recover for the loss.

APPEAL by defendants from a judgment entered on the verdict of a jury.

*Theron R. Strong*, for appellants.

*Charles M. Da Costa*, for respondent.

Opinion of the court * by ROBINSON, J.

Judgment reversed.

Reported in full in 12 Abb. Pr. N. S. 473.

---

### ALBERT SCHINDLER *et al.* v. GEORGE EWELL *et al.*
(*Decided in December*, 1872.)

Defendants upon succeeding to the business of an old firm, in consideration of receiving all the assets of the old firm, agreed to assume all their debts; *Held*, that this was an original promise not within the statute of frauds, founded upon

---

* Present, DALY, Ch. J., ROBINSON and LARREMORE, JJ.

554　　　　COURT OF COMMON PLEAS.

Van Lien v. The Scoville Manufacturing Co.　　Weinberger v. Fauerbach.

a sufficient consideration, made for the benefit of the creditors of the old firm, and on which they could sue.

APPEAL by the defendants from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on the report of a referee.

*Merchant & Elliott*, for appellants.

*David McAdam*, for respondents.

Opinion of the court* by DALY, Ch. J., and LARREMORE, J. J. F. DALY, J., dissenting.

Judgment affirmed.

Reported in full in 45 How. Pr. 33.

---

## A. N. VAN LIEN *v.* THE SCOVILLE MANUFACTURING COMPANY.
### (*Decided in January*, 1873.)

Plaintiff, who was a manufacturer of photographic views, purchased of defendants "hyposulphate of soda," and they by mistake delivered to him "sulphate of iron," which, being used by his servant in the preparation of photographic views, caused damage. In a suit by him to recover for the loss thereby occasioned, it appeared by evidence given in his own behalf, that hyposulphate of soda is white or gray, while sulphate of iron is green, and the two could be readily distinguished, and that the plaintiff's servant who used the sulphate of iron whereby the loss occurred, could by mere inspection have detected the mistake, and thereby prevented the accident; *Held*, that the failure to make such inspection was contributory negligence on the part of the plaintiff, which barred his recovery, and he should have been nonsuited.

APPEAL by defendants from a judgment of the First District Court.

*E. T. & G. Bell*, for appellants.

*Henry Allen*, for respondent.

Opinion of the court † by LOEW, J.

Judgment reversed.

Reported in full in 14 Abb. Pr. N. S. 74.

---

### JOHN WEINBERGER *v.* JACOB FAUERBACH.
### (*Decided in January*, 1873.)

In a suit brought (under 2 R. S. of 1813, ch. 86, § 175, p. 408) to recover money paid for an assessment, which ought to have been paid by another person, as so much money paid for the use of the person who ought to have paid the same, the facts showing the legality of the assessment must be proved, although it is

---

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

† Present, DALY, Ch. J., ROBINSON, and LOEW, JJ.